UNITED STATES *v.* RICE-STIX DRY GOODS CO. (No. 3447)[1]

United States Court of Customs and Patent Appeals, November 27, 1931

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham, jr.,* special attorney, of counsel), for the United States.

*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument October 14, 1931, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court. Merchandise, consisting of atomizers composed of colored or decorated glass, metal, rubber, and silk, was assessed for duty by the collector at the port of St. Louis as articles composed wholly or in chief value of glass at 55 per centum ad valorem under the following provisions of paragraph 218 of the Tariff Act of 1922:

PAR. 218. * * * all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut,

---

[1] T. D. 45337.

engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem; * * *

The importer protested, claiming that the merchandise was in chief value of metal, and was, therefore, dutiable at only 40 per centum ad valorem under paragraph 399 of that act. The pertinent part of the paragraph reads:

PAR. 399. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

On the trial in the court below, the importer offered in evidence Exhibit 1, as representative of the involved merchandise. It is a highly ornamental atomizer, consisting of a body or container, composed of colored or ornamented glass having a metal fitting at the top, and a mounting, composed of the necessary metal fittings, a glass tube, an ornamental glass top, and a rubber tube and bulb covered with silk.

The importer's witness, Harry Schasch, a department manager and buyer for the importer, testified that the metal portion of Exhibit 1 was of greater value than the glass. This statement was based solely on the prices stated on the invoice, the prices paid by the importer. They are as follows: Mountings, 72 and 84 crowns per dozen; glass bodies or containers, 41, 45, and 60 crowns per dozen; and extra glass tubes for mountings, 4 crowns per dozen.

On cross-examination, the attention of the witness was called to the fact that the so-called "mountings" were composed of glass, metal, rubber, and silk. He stated that he was unable to give the comparative values of those components.

Two other witnesses were called by the importer, one, E. Hochberg, an examiner at the port of St. Louis, and the other, T. W. Mabrey, a "liquidator" in the collector's office at that port. Neither of these witnesses had any knowledge, except that obtained from the invoice prices, as to the comparative values of the various materials composing the atomizers.

On this record, the court below held that the weight of the evidence established that the articles in question were in chief value of metal and, accordingly, sustained the protest.

This court has repeatedly held that the proper method of determining component material of chief value is to ascertain the costs of the separate parts or component materials to the manufacturer at the time they are ready to be assembled or combined into the completed article. *United States* v. *Mrs. S. Bacharach*, 18 C. C. P. A. (Customs)

353, T. D. 44612; *Turner & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 48, T. D. 39997, and cases therein cited.

All of the testimony in this case was predicated upon the invoice values, the prices paid by the importer. These prices, of course, include the manufacturer's profit and probably other items of value. There is no evidence of the costs to the manufacturer of the separate parts or components of the involved articles at the time such parts or components were ready to be assembled or combined. Accordingly, we must hold that there is no competent evidence of record to establish the component material of chief value. This being so, the presumption of correctness attending the collector's classification was not overcome and the court below should have overruled the protest.

The judgment is *reversed*.